**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS**

| | |
|---|---|
| **JORDAN ECKELBERGER,** <br>     **Plaintiff,** <br><br> **v.** <br><br> **LG CHEM CO., LTD,** <br> **a foreign corporation and** <br> **LG CHEM AMERICA, INC.,** <br> **a Delaware corporation,** <br>     **Defendants.** | **CASE NO.   3-21-cv-906** <br><br><br> **DEFENDANT LG CHEM AMERICA,** <br> **INC.'S NOTICE OF REMOVAL** |

Defendant LG Chem America, Inc. hereby removes this action from the Illinois Circuit Court for St. Clair County, Case No. 21-L-645, to the United States District Court for the Southern District of Illinois, East St. Louis Division under 28 U.S.C. §§ 102, 1332, 1441(b), and 1446:

**Introduction**

1.     On or about July 9, 2021, Plaintiff Jordan Eckelberger filed this lawsuit against LG Chem Co., Ltd., and LG Chem America, Inc. in the Circuit Court for St. Clair County, Illinois Circuit Court, Case No. 21-L-645 ("the Action"). LG Chem America, Inc. was served with the summons and complaint on July 14, 2021.

2.     Plaintiff alleges on "June 10, 2019, Plaintiff had just placed The Battery into his e-cig device when spontaneously, suddenly, and without provocation or warning, it exploded, causing severe burns to Plaintiff's hand and arm requiring extensive medical treatment." (See Compl., ¶ 19).  Plaintiff further alleges LG Chem America, Inc. manufactured, delivered, and/or distributed the HG2 battery cell that caused his injuries. *Id*. ¶¶47,51.

3.     Pursuant to 28 U.S.C. § 1446(c)(1), this diversity action is removed within less than one year after the action was commenced.

4.     Venue is proper in the Southern District of Illinois, East St. Louis Division, as the

district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 102(a)(1).

**Removal is proper under 28 U.S.C. §1441(b).**

5.       Removal is proper under 28 U.S.C. § 1441(b) because this Court has original jurisdiction over this action on the basis of diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

    A.       **Diversity of Citizenship Exists.**

6.       Complete diversity of citizenship exists under §1332(a) because the Plaintiff is domiciled in Illinois and the two current defendants are domiciled outside of Illinois.

7.       Plaintiff alleges he is a citizen of St. Clair County in the State of Illinois.  Compl., ¶ 2.

8.       Defendant LG Chem America, Inc. is a Delaware corporation with its headquarters and principal place of business in Atlanta, Georgia.  *See* Compl. ¶ 6; *see also* Declaration of Jordan LaClair, ¶ 2.

9.       Defendant LG Chem, Ltd. ("LG Chem") (incorrectly named as LG Chem Co., Ltd.), is a South Korean company with its headquarters and principal place of business in Seoul, South Korea.  *See* Compl. ¶ 4; *see also* LaClair Decl., ¶ 4.

    B.       **The amount in controversy exceeds $75,000.**

10.       The other requirement for diversity of citizenship—an amount in controversy that exceeds $75,000.00 exclusive of interest and costs—is also satisfied.

11.       Plaintiff alleges the amount in controversy "exceeds $25,000.00, exclusive of costs, interest, and attorney fees[.]"  Compl. Prayer for Relief in Counts I-VI.  He seeks recovery for "severe burns to his hand and arm resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to

undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns." Compl. ¶¶ 30, 39, 46, 55, 64, 71.

12.     Where, as here, the plaintiff has not specifically alleged an amount in controversy greater than $75,000.00, a defendant may assert such amount in controversy in its notice of removal. *See* 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554.

13.     Based on the foregoing allegations, Compl. ¶¶ 30, 39, 46, 55, 64, 71, the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. § 1332.

**C.     The procedural requirements for removal are satisfied.**

14.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after LG Chem America, Inc. was served with the summons and Complaint on July 14, 2021, and within one year after this lawsuit was filed.

15.     LG Chem America, Inc. is the only current defendant in this action who has been served with Plaintiff's Summons and operative Complaint. LaClair Decl. ¶ 3, 5. LG Chem, Ltd. has not been served. Consequently, LG Chem Ltd.'s consent to remove this case is not required. See *P.P. Farmers' Elevator Co. v Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968) (listing nominal party and lack of service as examples of sufficient explanations for an absent defendant in a notice of removal).

16.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served in the Action are attached as Exhibit A.

17.     In accordance with 28 U.S.C. § 1446(d), LG Chem America, Inc. will promptly file a copy of this Notice of Removal with the St. Clair County Circuit Court and serve a copy of the notice on counsel for all parties.

18.     LG Chem America, Inc. reserves any and all rights to assert any and all defenses and objections, including the defense of lack of personal jurisdiction.  LG Chem America, Inc. intends to contest personal jurisdiction in Plaintiff's case and will timely file a motion to dismiss. The removal of a case by a defendant pursuant to 28 U.S.C. § 1332 does not constitute a waiver of the defense of personal jurisdiction by the removing defendant.  *See Silva v. City of Madison,* 69 F.3d 1368, 1376 (7th Cir. 1995) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)); *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981).

WHEREFORE, LG Chem America, Inc. hereby removes this action to this Court from St. Clair County, Illinois Circuit Court.

Dated:  August 11, 2021                          Respectfully submitted,

_____
One of the Attorneys for
LG Chem America, Inc.


Timothy J. Young (ARDC No. 6192231)
Jordan W. LaClair (ARDC No. 6309499)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
(312) 345-1718 Telephone
(312) 345-1778 Facsimile
Tim.Young@lewisbrisbois.com
Jordan.LaClair@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Illinois, East St. Louis Division by using the ECF system.

**DEFENDANT LG CHEM AMERICA, INC.'S
NOTICE OF REMOVAL**

Participants in the case who are registered ECF users will be served by the ECF system.

I hereby further certify that on August 11, 2021, I mailed the foregoing by Federal Express to Plaintiff Jordan Eckelberger's counsel located at the following address:

**J. Brad Wilmoth**
Page Law LLC
9930 Watson Rd., Ste. 100
St. Louis, Missouri 63126
Telephone: (314) 835-5807
Facsimile:  (314) 835-5857
Attorney for Plaintiff


/s/ *Jordan W. LaClair*
Jordan W. LaClair (6309499)