

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

JORDAN ECKELBERGER

Plaintiff/Petitioner

  Vs

LG CHEM LTD AND LG CHEM AMERICA INC

Defendant/Respondent

Case No.  21-L-0645

FILED
ST. CLAIR COUNTY

AUG 0 9 2021

*Kahleh a Clay*
CIRCUIT CLERK
22

TO:    A FILE COPY

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

Date:  09/20/2021          Time: 10:00 am          Room: 405

The above-styled case is assigned to:    HON WILLIAM D STIEHL JR

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

  1.   Service upon all of the parties;
  2.   Whether the case will be jury or no-jury;
  3.   The nature, issues, and complexity of the case;
  4.   Simplification of the issues;
  5.   Amendments and challenges to the pleadings;
  6.   Admissions of fact and documents;
  7.   Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
  8.   Third parties;
  9.   Scheduling of settlement conferences;
  10.  Necessity of subsequent case management conferences;
  11.  Trial settings.

Office of Chief Judge

L63

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Ashley Doughty
21L0645
St. Clair County
7/9/2021 7:07 AM
13971502

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| JORDAN ECKELBERGER, | ) | CASE NO: 21L0645 |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF DEMANDS |
| v. | ) | TRIAL BY JURY |
| | ) | |
| LG CHEM, LTD. | ) | |
| **Serve:** | ) | |
| | ) | |
| And | ) | |
| | ) | |
| LG CHEM AMERICA, INC. | ) | |
| **Serve:** | ) | |
| Corporation Service Company | ) | |
| 40 Technology Pkwy South, #300 | ) | |
| Norcross, Georgia 30092 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Jordan Eckelberger, by and through his attorneys J. Brad Wilmoth, and Page Law, LLC, and for his Complaint against Defendants LG Chem, Ltd., and LG Chem America, Inc., states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    This action arises from severe burn injuries sustained by Plaintiff Jordan Eckelberger (hereinafter "Plaintiff"), when, on June 10, 2019, a defective lithium-ion battery in an e-cigarette device suddenly and without warning exploded in his hand (hereinafter "The Battery").

2.    Plaintiff is and was at all times relevant herein a resident of St. Claire County in the State of Illinois.

1

3.     The Battery that exploded and injured Plaintiff was manufactured, marketed, exported, sold, and distributed by Defendant LG Chem, Ltd. (hereinafter "LGC") and its wholly owned subsidiary Defendant LG Chem America, Inc. (hereinafter "Defendant LGCAI").

4.     Defendant LGC is, and at all relevant times was, a foreign corporation, headquartered at LG Twin Towers at 128 Yeoui-daero, Yeongdeungpo-gu, Seoul, South Korea.

5.     The Republic of Korea is a member of the Hague Conference on Private International Law and may be served utilizing the agreed procedures.

6.     Defendant LGCAI is a Delaware corporation with its principal place of business at 3475 Piedmont Road, NE, Suite 1200 in Atlanta, Georgia 30305.

7.     Defendant LGC and Defendant LGCAI are, and were at all times relevant, in the business of designing, testing, manufacturing, advertising, distributing and/or selling batteries, including The Battery at issue, for use in electronic cigarettes throughout the world, including Illinois.

8.     Defendant LGC and Defendant LGCAI, through its actions and those of any affiliated/parent/subsidiary companies and agents, does and did at all times relevant conduct substantial business in Illinois by purposefully causing its products, including The Battery at issue, to be marketed, distributed, sold and used within Illinois.

9.     Defendant LGC and Defendant LGCAI derive significant revenue from its activities and the sale/use of products in Illinois.

10.    As such, Defendant LGC and Defendant LGCAI does or should reasonably anticipate being hailed into a Illinois court and have thereby consented to the personal jurisdiction of this Court pursuant to § 506.500 RSMo.

2

11.    The Battery that exploded and injured Plaintiff was purchase in St. Claire County via the internet and shipped to St. Claire County from an individual owner on Ebay prior to the events giving rise to this action.

12.    Pursuant to § 508.010.4 RSMo, venue is proper in this Court as Plaintiff was first injured in St. Claire County, Illinois.

### FACTS COMMON TO ALL COUNTS

13.    Defendants LGC and LGCAI, manufacture, sell, design, advertise, distribute and supply e-cigarette devices and accessories, including batteries, and specifically The Battery at issue here.

14.    E-cigarette devices use high-power, internal lithium-ion batteries to heat nicotine infused oils to create a vapor which is inhaled by the consumer. The product consists of an outer shell, a lithium-ion battery, a small electric coil, and a mouthpiece. These devices are advertised as a safe alternative to smoking tobacco products.

15.    The lithium-ion battery is designed to activate and heat the e-cigarette when either a button on the outside of the e-cigarette is pushed or when the e-cigarette user creates a suction on the mouthpiece.

16.    Defendants were aware at all times relevant to this matter that these e-cigarette devices require a large amount of power to operate and typically use a lithium-ion battery. A typical user will keep "back-up" batteries at the ready since the devices will typically use at least two fully charged batteries during a full day of use. These "back-up" batteries are usually placed in a bag, purse or pants pocket when not in use.

17.    The Battery was an 18650 3000 mAh High Drain Rechargeable Battery.

3

18.    Defendants failed to test The Battery and failed to put any warnings on the skin of The Battery that it could explode causing injury, despite the fact that similar batteries had exploded during use before, and that Defendants were aware of this risk.

19.    On June 10, 2019, Plaintiff had just placed The Battery into his e-cig device when spontaneously, suddenly, and without provocation or warning, it exploded, causing severe burns to Plaintiff's hand and arm requiring extensive medical treatment.

20.    At no point between the date of purchase and the time of this incident had The Battery been exposed to any extreme temperatures or weather conditions

21.    Plaintiff relied on literature, advertisements, promotional packaging, and statements of agents of the Defendants in order to select The Battery at issue it for his personal use.

## COUNT I: STRICT LIABILITY – DEFENDANT LGC

22.    Plaintiff re-alleges Paragraphs 1 through 21 of this Complaint as specifically stated herein.

23.    That on or before June 10, 2019, and for some time prior and subsequent thereto, Defendant LGC was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling e-cigarette devices and e-cigarette accessories and batteries, including but not limited to The Battery at issue herein.

24.    That prior to June 10, 2019, Plaintiff purchased The Battery that was imported, received, advertised, distributed, supplied, and sold by Defendant LGC.

4

25.     That at all times material herein, Defendant LGC had a duty to design, prepare, manufacture, advertise, distribute, supply, and safely sell The Battery with adequate protection and safety measures so as to prevent it from exploding.

26.     That on the date of the occurrence complained of and prior thereto, The Battery was in the same or similar condition as it was in at the time of its sale and distribution by Defendant LGC and/or any changes therein were foreseeable, and The Battery was then and there defective and unreasonably dangerous.

27.     That on June 10, 2019 and at all times prior thereto, Plaintiff exercised the ordinary care and caution for the safe use of The Battery.

28.     That at the time of the occurrence hereafter complained of and prior thereto, The Battery designed, prepared, manufactured, maintained, advertised, distributed, supplied and sold by Defendant LGC, was unreasonably dangerous in one or more of the following respects:

    a.  It did not adequately prevent contact between the lithium battery and foreign objects;

    b.  It did not adequately prevent the lithium battery from spontaneously exploding;

    c.  It had inadequate safety devices;

    d.  It was likely to cause severe and permanent injuries when used in the ordinary and usual manner, or in the manner in which the Defendant should have reasonably anticipated;

    e.  It failed to give adequate instruction and warnings including, but not limited to:

        i.  Instructions concerning the inherent danger of the lithium-ion battery;

        ii. Warnings that the lithium-ion battery could spontaneously explode;

5

      iii.  Warnings that the lithium-ion battery could come into contact with any foreign object which could create a circuit in the battery causing it to explode;

f.  It lacked a failsafe device;

g.  It failed to test The Battery to ensure it was safe for ordinary and regular use;

h.  It failed to inspect The Battery for defects that could cause a battery to spontaneously explode; and,

i.  It failed to sell The Battery with a plastic case for safe storage in a pocket, purse or bag when fully charged and not in use.

29.    That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, The Battery exploded in Plaintiff's hand, while Plaintiff was using it in the ordinary and customary manner or in the manner in which Defendant LGC should have reasonably anticipated.

30.    That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, Plaintiff sustained severe burns to his hand and arm resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns.

WHEREFORE, Plaintiff Jordan Eckelberger, by and through his attorneys, pray for judgment against Defendant LGC, for an amount in excess of $25,000.00 and for any other relief this Court deems proper.

## COUNT II: NEGLIGENCE – DEFENDANT LGC

6

31.     Plaintiff re-alleges Paragraphs 1 through 30 of this Complaint as specifically set forth herein.

32.     That on or before June 10, 2019, and for some time prior and subsequent thereto, Defendant LGC was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling e-cigarettes and e-cigarette accessories and batteries therefore, including but not limited to The Battery at issue herein.

33.     That prior to June 10, 2019, Plaintiff purchased The Battery that was imported, received, advertised, distributed, supplied, and sold by Defendant LGC.

34.     That at all times material herein, Defendant LGC had a duty to design, prepare, manufacture, advertise, distribute, supply, and sell The Battery with adequate protection and safety measures to as to prevent it from independently creating a circuit within the battery, resulting in explosion.

35.     That on June 10, 2019, and at all times prior thereto, Plaintiff was in the exercise of ordinary care and caution for his personal safety while using The Battery.

36.     That Defendant LGC knew or should have known that e-cigarette batteries can explode if they are not tested, stored, transported, charged, or maintained properly, and that such explosion poses a serious risk to consumers of severe injuries including burning and permanent scarring.

37.     That at the time of the occurrence hereinafter complained of and prior thereto, Defendant LGC, by and through its duly authorized agents, servants, and/or employees, carelessly and negligently:

7

a. Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold The Battery, in a manner that made it easy for the lithium battery contained therein to come into contact with other objects, create a circuit, overheat, and explode;

b. Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold The Battery with inadequate safety devices, so that The Battery was a dangerous instrumentality and likely to cause severe and permanent injuries to consumers when used in the ordinary and usual manner, or in the manner Defendant LGC should have reasonably anticipated;

c. Failed to give adequate instruction and warning concerning the necessity of periodic inspection, maintenance, and inherent danger of using The Battery;

d. Failed to provide certain protective or safety devices reasonably adequate to prevent The Battery from coming into contact with other objects, thereby causing The Battery to create a circuit, overheat, and explode;

e. Failed to properly inspect The Battery to determine whether it was defective in that The Battery may come into contact with other objects, making it reasonably safe for the purpose for which it was intended;

f. Failed to give a reasonably adequate warning to consumers, including Plaintiff, who would rely on The Battery's design in preventing the battery contained therein to explode, and thereby becoming an unreasonable hazard to Plaintiff in the ordinary and customary manner;

8

g.  Designed, prepared, manufactured, advertised, distributed, supplied, and sold The Battery without adequate safety and prevention measures, creating a hazard to consumers, including Plaintiff, who would rely on The Battery's design in preventing the lithium-ion battery contained therein to explode, and thereby becoming an unreasonable hazard to consumers of the battery in the ordinary and customary manner; and

h.  Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold The Battery in a manner that enabled it to come into contact with other objects, causing the lithium battery to explode when used in the ordinary and customary manner, or in a manner Defendant LGC should have reasonably anticipated.

38.    That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, the battery exploded in Plaintiff's hand, while Plaintiff used the device in the ordinary and customary manner or in the manner in which Defendant LGC should have reasonably anticipated.

39.    That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, Plaintiff sustained severe burns to his hand and arm resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns.

WHEREFORE, Plaintiff Jordan Eckelberger, by and through his attorneys, pray for judgment against Defendant LGC, for an amount in excess of $25,000.00 and for any other relief

this Court deems proper.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – DEFENDANT LGC

40.     Plaintiff re-alleges Paragraphs 1 through 39 of this Complaint as specifically stated herein.

41.     The Battery at issue was a "good" within the meaning of the Uniform Commercial Code Article 2.

42.     Defendant LGC designed, marketed, supplied and/or distributed The Battery at issue.

43.     Defendant LGC impliedly warranted that The Battery at issue was merchantable and fit for the ordinary purposes for which it would be used.

44.     Defendant LGC's conduct as described herein constitutes breach of the implied warranty of merchantability.

45.     Defendant LGC breached the warranty implied in the contract for the sale of The Battery at issue.

46.     That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, Plaintiff sustained severe burns to his hand and arm resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns.

WHEREFORE, Plaintiff Jordan Eckelberger, by and through his attorneys, pray for judgment against Defendant LGC, for an amount in excess of $25,000.00 and for any other relief this Court deems proper.

## COUNT IV: STRICT LIABILITY – DEFENDANT LGCAI

47.     Plaintiff re-alleges Paragraphs 1 through 46 of this Complaint as specifically stated herein.

48.     That on or before June 10, 2019, and for some time prior and subsequent thereto, Defendant LGCAI was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling e-cigarette devices and e-cigarette accessories and batteries, including but not limited to The Battery at issue herein.

49.     That prior to June 10, 2019, Plaintiff purchased The Battery that was imported, received, advertised, distributed, supplied, and sold by Defendant LGCAI.

50.     That at all times material herein, Defendant LGCAI had a duty to design, prepare, manufacture, advertise, distribute, supply, and safely sell The Battery with adequate protection and safety measures so as to prevent it from exploding.

51.     That on the date of the occurrence complained of and prior thereto, The Battery was in the same or similar condition as it was in at the time of its sale and distribution by Defendant LGCAI and/or any changes therein were foreseeable, and The Battery was then and there defective and unreasonably dangerous.

52.     That on June 10, 2019 and at all times prior thereto, Plaintiff exercised the ordinary care and caution for the safe use of The Battery.

53.     That at the time of the occurrence hereafter complained of and prior thereto, The Battery designed, prepared, manufactured, maintained, advertised, distributed, supplied and sold by Defendant LGCAI, was unreasonably dangerous in one or more of the following respects:

11

a. It did not adequately prevent contact between the lithium battery and foreign objects;

b. It did not adequately prevent the lithium battery from spontaneously exploding;

c. It had inadequate safety devices;

d. It was likely to cause severe and permanent injuries when used in the ordinary and usual manner, or in the manner in which the Defendant should have reasonably anticipated;

e. It failed to give adequate instruction and warnings including, but not limited to:

    i. Instructions concerning the inherent danger of the lithium-ion battery;

    ii. Warnings that the lithium-ion battery could spontaneously explode;

    iii. Warnings that the lithium-ion battery could come into contact with any foreign object which could create a circuit in the battery causing it to explode;

f. It lacked a failsafe device;

g. It failed to test The Battery to ensure it was safe for ordinary and regular use;

h. It failed to inspect The Battery for defects that could cause it to spontaneously explode; and,

i. It failed to sell The Battery with a plastic case for safe storage in a pocket, purse or bag when fully charged and not in use.

54. That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, it exploded in Plaintiff's e-cig device, while Plaintiff

12

was using it in the ordinary and customary manner or in the manner in which Defendant LGCAI should have reasonably anticipated.

55.     That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, Plaintiff sustained severe burns to his hand and arm resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns.

WHEREFORE, Plaintiff Jordan Eckelberger, by and through his attorneys, pray for judgment against Defendant LGCAI, for an amount in excess of $25,000.00 and for any other relief this Court deems proper.

## COUNT V: NEGLIGENCE – DEFENDANT LGCAI

56.     Plaintiff re-alleges paragraphs 1 through 55 of this Complaint as specifically set forth herein.

57.     That on or before June 10, 2019, and for some time prior and subsequent thereto, Defendant LGCAI was engaged in the business of designing, preparing, manufacturing, maintaining, advertising, distributing, supplying, and selling e-cigarettes and e-cigarette accessories and batteries therefore, including but not limited to The Battery at issue herein.

58.     That prior to June 10, 2019, Plaintiff purchased The Battery that was imported, received, advertised, distributed, supplied, and sold by Defendant LGCAI.

59.     That at all times material herein, Defendant LGCAI had a duty to design, prepare, manufacture, advertise, distribute, supply, and sell The Battery with adequate protection and safety

13

measures to as to prevent it from independently creating a circuit within the battery, resulting in explosion.

60.     That on June 10, 2019, and at all times prior thereto, Plaintiff was in the exercise of ordinary care and caution for his personal safety while using The Battery.

61.     That Defendant LGCAI knew or should have known that e-cigarette batteries can explode if they are not tested, stored, transported, charged, or maintained properly, and that such explosion poses a serious risk to consumers of severe injuries including burning and permanent scarring.

62.     That at the time of the occurrence hereinafter complained of and prior thereto, Defendant LGCAI, by and through its duly authorized agents, servants, and/or employees, carelessly and negligently:

a.  Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold The Battery, in a manner that made it easy for the lithium battery contained therein to come into contact with other objects, create a circuit, overheat, and explode;

b.  Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold The Battery with inadequate safety devices, so that it was a dangerous instrumentality and likely to cause severe and permanent injuries to consumers when used in the ordinary and usual manner, or in the manner Defendant LGCAI should have reasonably anticipated;

c.  Failed to give adequate instruction and warning concerning the necessity of periodic inspection, maintenance, and inherent danger of using The Battery;

14

d.  Failed to provide certain protective or safety devices reasonably adequate to prevent the lithium battery from coming into contact with other objects, thereby causing the lithium battery to create a circuit, overheat, and explode;

e.  Failed to properly inspect The Battery to determine whether it was defective in that it may come into contact with other objects, making it reasonably safe for the purpose for which it was intended;

f.  Failed to give a reasonably adequate warning to consumers, including Plaintiff, who would rely on The Battery's design in preventing the battery contained therein to explode, and thereby becoming and unreasonable hazard to consumers of the battery in the ordinary and customary manner;

g.  Designed, prepared, manufactured, advertised, distributed, supplied, and sold The Battery without adequate safety and prevention measures, creating a hazard to consumers, including Plaintiff, who would rely on The Battery's design in preventing the lithium-ion battery contained therein to explode, and thereby becoming an unreasonable hazard to consumers of The Battery in the ordinary and customary manner; and

h.  Designed, prepared, manufactured, maintained, advertised, distributed, supplied, and sold The Battery in a manner that enabled it to come into contact with other objects, causing the lithium battery to explode when used in the ordinary and customary manner, or in a manner Defendant LGCAI should have reasonably anticipated.

15

63.     That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, it exploded in Plaintiff's pants pocket, while Plaintiff used the device in the ordinary and customary manner or in the manner in which Defendant LGCAI should have reasonably anticipated.

64.     That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, Plaintiff sustained severe burns to his thigh and scrotum resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns.

WHEREFORE, Plaintiff Jordan Eckelberger, by and through his attorneys, pray for judgment against Defendant LGCAI, for an amount in excess of $25,000.00 and for any other relief this Court deems proper.

## COUNT VI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – DEFENDANT LGCAI

65.     Plaintiff re-alleges Paragraphs 1 through 64 of this Complaint as specifically stated herein.

66.     The Battery at issue was a "good" within the meaning of the Uniform Commercial Code Article 2.

67.     Defendant LGCAI designed, marketed, supplied and/or distributed The Battery at issue.

68.     Defendant LGCAI impliedly warranted that The Battery at issue was merchantable and fit for the ordinary purposes for which it would be used.

16

69. Defendant LGCAI's conduct as described herein constitutes breach of the implied warranty of merchantability.

70. Defendant LGCAI breached the warranty implied in the contract for the sale of The Battery at issue.

71. That as a direct and proximate result of the defective and unreasonably dangerous condition of The Battery used by Plaintiff, Plaintiff sustained severe burns to his hand and arm resulting in severe acute and prolonged physical and mental pain and suffering, requiring surgery and resulting in permanent scarring. Plaintiff continues to undergo medical treatment, and incur past, present and future lost wages, and severe emotional trauma as a result of said burns.

WHEREFORE, Plaintiff Jordan Eckelberger, by and through his attorneys, pray for judgment against Defendant LGCAI, for an amount in excess of $25,000.00 and for any other relief this Court deems proper.

Respectfully Submitted,

J. Brad Wilmoth, #6285268
Page Law LLC
9930 Watson Rd. Suite 100
St. Louis, Missouri 63126
Phone: (314)-835-5807
Fax: (314)-835-5857
*Attorney for Plaintiff*

17

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br>St. Clair ▾ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| **Instructions ▾** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Jordan Eckelberger | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | LG Chem, LTD & LG Chem America, Inc<br>**Defendant / Respondent** *(First, middle, last name)* | 21L0645<br>**Case Number** |

1.  **Information about the lawsuit:**
    Amount claimed:    $ 50,000.00

2.  **Contact information for the Plaintiff/Petitioner:**
    Name *(First, Middle, Last):*  J. Brad Wilmoth - Page Law LLC
    Street Address, Apt #:  9930 Watson Road, Suite 100
    City, State, ZIP:  St. Louis, MO 63126
    Telephone:  (314) 835-5800
    See attached for additional Plaintiff/Petitioner contact information

3.  **Contact information for the Defendant/Respondent:**
    Name *(First, Middle, Last):*  LG Chem, LTD & LG Chem America, Inc
    Street Address, Apt #:  Corporation Service Company
    City, State, ZIP:  40 Technology Pkwy South, #300, Norcross, Georgia 30092
    Telephone:  -
    See attached for additional Defendant/Respondent contact information

*In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.*

*In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an Additional Plaintiff/Petitioner Contact Information form.*

*In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an Additional Defendant/Respondent Contact Information form.*

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

*   If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
*   Your written appearance/answer must be filed on time and in the proper form.
*   Forms for a written appearance/answer are available here:
    http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.

Enter the Case Number given by the Circuit Clerk: 21L0645

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4.   Instructions for person receiving this form (Defendant/Respondent):**<br><br>To respond to this *Summons* you must:<br><br>☐  Go to court:<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____ Court Room: _____<br>City, State, ZIP: _____<br><br>☐  File a written *Appearance* and *Answer/Response* with the court:<br>On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address: _____<br>City, State, ZIP: _____<br><br>☑  File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>Address:   10 PUBLIC SQUARE<br>City, State, ZIP:   BELLEVILLE, IL 62220 |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br><br>*[seal]*  *Kahalah A. Clay, Circuit Clerk*<br>7/13/2021<br>**Clerk of the Court:** _____   Ashley Doughty     *Seal of Court* |

| | |
|---|---|
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent.  If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>St. Clair ☑ COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Jordan Eckelberger | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v.<br>LG Chem, LTD & LG Chem America, Inc | 21L0645 |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. |
|---|

**My name is** _____ **and I swear under oath**
_____ *First, Middle, Last*

that I served the ***Summons*** and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
Height: _____   Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
_____ *First, Middle, Last*
Male: ☐   Female: ☐   Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
_____ *First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 21L0645

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered   $ _____
Service and Return        $ _____
Miles: _____      $ _____
Total    $ _____